UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH ANDREW HYLKEMA, a single man,

Plaintiff,

v.

RENTCOLLECT CORPORATION, et al.,

Defendants.

CASE NO. C05-101RSM

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court for consideration of the parties' cross-motions for summary judgment. For the reasons set forth below, defendant's motion for summary judgment (Dkt. 26) shall be granted in part and denied in part. Plaintiff's cross-motion (Dkt. # 27) shall be denied.

DISCUSSION

Plaintiff Joseph Hylkema, appearing *pro se*, filed this action in King County Superior Court pursuant to the Fair Credit Reporting Act (FCRA"), 15 U.S.C. § 1681 *et seq*., and the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C.§ 1692 *et seq.* He asserts that defendants unlawfully attempted to collect a debt in an amount greater than what he owed, failed to properly investigate the debt, and failed to note on his credit report that the debt was in dispute. The case was removed to this Court on the basis of the federal questions presented, pursuant to 28 U.S.C. § 1441(b). One of the

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 1

original defendants, Experian Information Solutions, Inc., was subsequently dismissed, leaving defendant Rentcollect as the sole defendant in this case.

In the complaint, plaintiff states that he checked his credit report in early 2004 and found an entry from Genesys Credit Management[1] showing a debt in excess of $3,000 for unpaid rent on an apartment. Plaintiff asserts that he disputed this entry numerous times with Experian, but neither defendant conducted an investigation to confirm the amount of the debt. He contends that the false report, the failure to investigate, and the failure to indicate the amount was in dispute on this credit report constitute violations of the FCRA and the FDCPA.

An exhibit attached by plaintiff to his cross-motion for summary judgment provides some detail to the few facts alleged in the complaint. It appears that in 1998, plaintiff's debt of $2176.33 for unpaid rent was assigned to the collection agency by Eagle Pointe Apartments. Interest at the rate of twelve percent was added to the principle balance, bringing the total to more than $3,000 when plaintiff checked his credit report in 2004. It is this added interest which is disputed by plaintiff. The status of this debt was listed both as "past due" and as "discharged in bankruptcy Chapter 13" on the 2004 credit reports.[2]

Defendant Rentcollect has moved for summary judgment on the basis that the only claim asserted by plaintiff has no factual basis, and therefore must be dismissed. This argument is based upon plaintiff's response to the following interrogatory:

> INTERROGATORY NO. 7; Describe in detail each and every fact that you allege supports or refutes any of the allegations contained in Your Complaint.
>
> ANSWER: Plaintiff's lease signed with Eagle Pointe Apartments did not provide for interest on an unpaid amount not reduced to judgment, nor does any Washington statute specifically provide for same.

---

[1] Rentcollect is apparently a successor to Genesys.

[2] Although defendant has challenged these documents as not properly authenticated, the Court shall consider them for the purpose of setting forth the backgroiund of the dispute here.

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 2

Motion for Summary Judgment, p. 4.[3] It is defendant's contention that Washington law does specifically provide for the collection of interest at the rate of twelve percent. Therefore, plaintiff's claims regarding false reporting, deceptive collection practices, and failure to investigate are all without any basis in law or in fact.

Washington statute R.C.W. 19.52.010 provides, in relevant part, as follows:

> (1) Every loan or forbearance of money, goods or thing in action shall bear interest at the rate of twelve percent per annum where no different rate is agreed to in writing between the parties. . . .
>
> (2) A lease shall not be considered a loan or forbearance for the purposes of this chapter if:
>
> (a) It constitutes a "consumer lease" as defined in RCW 63.10.020 . .

R.C.W. 19.52.010. A "consumer lease" is defined in the referenced statute as "a contract of lease or bailment for the use of personal property by a natural person. . . ." R.C.W. 63.10.020. An apartment lease, as a lease for the use of real property, is thus not a consumer lease, and not excepted from the provisions of R.C.W. 19.52.010.

In opposing summary judgment, plaintiff asserts that R.C.W. 19.52.010 does not apply to residential leases. While he has argued articulately and at length the law of statutory interpretation, his argument is unavailing. It is not necessary to resort to the rules of statutory interpretation because the statute set forth above is not ambiguous. "If a statute is clear on its face, its meaning is to be derived from the language of the statute alone." *Kilian v. Atkinson*, 147 Wash. 2d 16, 20 (2002). Here, the statute clearly and unambiguously applies to a debt arising from a lease of real property, because it carves out an exception for consumer leases only. Had the legislature intended to except residential leases as well, it could have done so. This Court may not read such an exception into the statute where the Legislature chose not to create one. *Kilian*, 147 Wash. 2d at 21.

---

[3] Counsel for defendant did not actually attach a copy of the quoted interrogatory to his declaration. However, plaintiff has not disputed this statement of his response to the interrogatory. For the purpose of expeditiously resolving this motion, the Court shall accept defendant's quotation of the interrogatory and response. However, counsel is directed to promptly file a copy of the cited interrogatory so the record on this matter is complete.

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 3

1   Summary judgment is proper only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial by "identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotrex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial. F.R.Civ. P. 56(e). However, no defense to an insufficient showing is required. Neely v. St. Paul Fire and Marine Insurance Co., 584 F.2d 341, 344 (9th Cir. 1978).

As demonstrated above, the twelve percent interest charged by defendant on the debt is specifically allowed by Washington statute. Therefore there is no legal or factual basis for plaintiff's claims that the addition of interest violated either the FCRA or the FDCPA. Defendant's motion for summary judgment is accordingly GRANTED as to plaintiff's claim of failure to investigate the debt (Count 2 of the FCRA claim), and plaintiff's claim that defendant Rentcollect violated the FDCPA by attempting to collect interest on the debt (Count 2 of the FCRPA claim). Defendant's motion for summary judgment is also GRANTED as to plaintiff's FDCPA claim that defendant Rentcollect falsely represented the character and amount of the debt to plaintiff and other parties in attempting to collect the debt (part 6.1.1.1 of plaintiff's FDCPA claim). Plaintiff's cross-motion for summary judgment on these claims is DENIED, and these claims are DISMISSED from the action.

Nowhere did defendant properly support a motion for summary judgment on plaintiff's claims under the FDCPA that defendant (1) failed to communicate that the debt was disputed by plaintiff, and (2) used a company name other than its true name in attempting to collect the debt (Parts 6.1.1.2 and 6.1.1.3 of plaintiff's FDCPA claim). Nor did plaintiff present any evidence in support of his cross-motion on these claims. These allegations could constitute violations of 15 U.S.C. § 1692(e)(8) and (14), but there is no basis from which the Court could decide these claims in favor of either party at this point.

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 4

Thus, both the motion and the cross-motion for summary judgment are DENIED as to these claims. F.R.Civ.Proc. 56(c).

Defendant's motion for sanctions under Rule 11 is DENIED for failure to comply with the requirements for making such motion. F.R.Civ.Proc. 11 (c)(1)(A).

This ruling leaves two claims for disposition. The Court notes that the mediation date of September 8, 2006, has passed, without a timely request by either party to extend it. Plaintiff has now filed a motion "to compel mediation and appoint a mediator", but the motion will not be ripe until October 10. There will not be sufficient time after that date for the parties to comply with the thirty-day settlement conference requirement, and selection of a mediator and scheduling of the mediation, prior to trial. Local Rule CR 39.1(c)(2),(3). Accordingly, the trial date of October 23, 2006 is hereby STRICKEN. The parties are directed to proceed to their good faith settlement conference as set forth in Local Rule CR 39.1(c)(2) and, if necessary, to the selection of a mediator and scheduling of mediation. The trial date shall be re-set only upon receipt of the mediator's letter advising the Court of the failure of mediation. Local Rule CR 39.1(c)(6).

Dated this 28th day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT - 5